## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| RYAN GARMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| | ) | |
| ALCON VISION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | / |

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, RYAN GARMAN ("Plaintiff" or "Garman"), and files his Complaint against Defendant, ALCON VISION, LLC ("Defendant" or "Alcon"), and in support states the following:

## NATURE OF THE CLAIMS

1.      This is an action for monetary damages pursuant the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq*. ("FMLA") and Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA") to redress Defendant's unlawful employment practices against Plaintiff including Defendant's retaliation for Plaintiff's lawful exercise of his rights under the FMLA and unlawful discrimination and harassment against Plaintiff due to his disability leading to his unlawful termination.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the FMLA and ADA.

3.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## THE PARTIES

4.      Plaintiff, Garman, is a citizen of the United States, and is and was at all times material, a resident of the state of Texas.

5.      Defendant, Alcon, is a Foreign For-Profit Corporation.

6.      Defendant does business and Plaintiff worked for Defendant in this Judicial District at 6201 South Freeway, Fort Worth, TX 76134.

7.      Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8.      Plaintiff has complied with all statutory prerequisites to filing this action.

9.      On September 29, 2020, Plaintiff duel-filed a claim with the Texas Workforce Commission ("TWC") and Equal Employment Opportunity Commission ("EEOC") against Defendant satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on disability and retaliation.

10.     Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

11.     On May 17, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue upon request.

12.     This complaint was filed within ninety days of the EEOC's issuance of the Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

13.     Plaintiff was employed by Defendant in a full-time capacity for approximately one year and seven months. At the time of his termination, Plaintiff held the position of Employee Relations Investigator.

14.     Plaintiff is a disabled male.

15.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

16.     At all times material, Plaintiff was able to perform the essential functions of his job with or without accommodations.

17.     Plaintiff suffers from anxiety.

18.     Plaintiff's disability substantially limits his major life activities including but not limited to concentrating and sleeping.

19.     On or about April 9, 2020, Plaintiff experienced a flare-up of his condition and his therapist advised he take a brief medical leave of absence from work. Following his appointment, Plaintiff informed Beverley Rouse, Employee Relations Director, of the same.

20.     As a result, Plaintiff requested and was approved to take FMLA leave beginning in mid-April 2020.

21.     Plaintiff returned from work on or about July 6, 2020.

22.     Upon his return to work, Plaintiff discovered that he had been removed from programs required to complete his projects and all projects he had been involved with prior to taking FMLA leave.

23.     Additionally, Ms. Rouse ceased attending one-on-one meetings with Plaintiff and significantly reduced communication with Plaintiff.

24.     About one month after Plaintiff returned from FMLA leave, Jeff Breeding, Corporate Security, informed Plaintiff that he was be investigated for an alleged issue which had taken place approximately six months prior.  At no point prior to Plaintiff's medical leave was Plaintiff notified of any potential issues.

25.     Mere weeks later, Defendant terminated Plaintiff's employment under pretext.

26.     Plaintiff has been damaged by Defendant's illegal conduct.

27.     Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

<u>Count I:</u>
**Retaliation in Violation of the FMLA**

28.     Plaintiff re-alleges and adopts, as fully set forth herein, the allegations stated in paragraphs 1-27 above.

29.     Plaintiff is a covered "employee" as defined by the FMLA because he worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

30.     At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

31.     Plaintiff exercised or attempted to exercise his rights under the FMLA.

32.     Defendant retaliated against Plaintiff for exercising or attempting to exercise his FMLA rights.

4

33.    Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

34.    Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal relief.

<u>**Count II:**</u>
**Interference in Violation of the FMLA**

35.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

36.    Plaintiff is a covered "employee" as defined by the FMLA because he worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

37.    At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

38.    Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

39.    Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

40.    Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

41.    Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

**Count III:**
**Disability Discrimination in Violation of the ADA**

42.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

43.    At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

44.    Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

45.    Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

46.    Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his disability.

47.    Defendant intentionally discriminated against Plaintiff on the basis of his disability.

48.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

49.    Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count IV:
## Retaliation in Violation of the ADA

50.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

51.     Defendant retaliated against Plaintiff for engaging in protected activity when Plaintiff requested reasonable accommodations under the ADA by terminating his employment.

52.     Defendant's conduct violates the ADA.

53.     Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer loss of pay, benefits, and prestige.

54.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress entitling him to compensatory damages.

55.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)     Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b)     Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c)     Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Texas Bar Number 24108958
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*